**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dan JONES and Jerome A. Jones,
Defendants–Appellants.**

**Nos. 90–3114, 90–3166.**

United States Court of Appeals,
Seventh Circuit.

Argued April 5, 1991.

· Decided May 13, 1991.

---

Matthew L. Jacobs, Asst. U.S. Atty., Milwaukee, Wis., for U.S.

Thomas M. Croke, Brookfield, Wis., for Dan Jones.

Michael L. Chernin, Milwaukee, Wis., for Jerome A. Jones.

Before BAUER, Chief Judge, and CUMMINGS and POSNER, Circuit Judges.

POSNER, Circuit Judge.

The defendants were convicted of bank robbery. Only one issue, raised by only one defendant, merits discussion—whether for purposes of sentencing the judge properly classified Dan Jones as a "career offender," a classification that resulted in a long sentence (twelve years). For him to be so classified, it was necessary that the bank robbery be a "crime of violence." Sentencing Guidelines § 4B1.1. It was an unarmed robbery. Jones walked up to a teller and announced, "This is a hold up." He demanded that the teller give him money from the teller's drawer. When the teller hesitated, Jones leapt onto the teller's counter, pulled open the drawer, grabbed $2,000 in cash from it, stuffed it in a bag that he had brought with him, and ran out of the bank with his accomplice. The accomplice had been holding a bag too, which the teller had surmised contained a weapon, and he had repeatedly warned her, "Don't touch nothing," presumably meaning don't touch an alarm button. But neither robber brandished, or for that matter could have brandished, a weapon, because neither was armed.

■ The bank robbery statute required the government to prove, beyond a reasonable doubt of course, that Jones took the money "by force and violence, or by intimidation." 18 U.S.C. § 2113(a). Intimidation means the threat of force. The threat can of course be a bluff. *United States v. Lucas*, 619 F.2d 870 (10th Cir. 1980). The question in this case is whether the behavior of the defendant and his accomplice constituted a threat, which in turn depends on whether their conduct and words were calculated to create the impression that any resistance or defiance by the teller would be met with force. There was ample basis for such an inference. *United States v. Hopkins*, 703 F.2d 1102 (9th Cir. 1983); *United States v. Slater*, 692 F.2d 107, 109 (10th Cir.1982).

■ That decides the case. For section 4B1.2(1)(i) of the Guidelines defines crime of violence to include an offense that "has as an element the ... threatened use of physical force against the person of another." There is no "space" between "bank robbery" and "crime of violence." A defendant properly convicted of bank robbery is guilty per se of a crime of violence, because violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery. *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir.1990). Application Note 2 to section 4B1.2 lists robbery as one of those crimes that *is* a crime of violence, without requiring or for that matter, as it seems to us, allowing the district judge to inquire into the particular facts underlying the particular defendant's conviction. Of course, a particular criminal statute might define "robbery" idiosyncratically, dispensing with an element that made it a crime of force or threatened force against the person; in such a case, we may assume, the judge would not be bound by the enumeration in Note 2, and would perforce have to consider the facts of the prior offense. If that is all that *United States v. Baskin*, 886 F.2d 383, 389–90 (D.C.Cir.1989), holds, we are in agreement; but to the extent that *Baskin* is in conflict with *Selfa*, we side with *Selfa*. So, answering a question left open in *United States v. Carter*, 910 F.2d 1524, 1533 n. 6 (7th Cir.1990), we hold that the *only* time a judge is entitled to conduct an inquiry into the facts underlying the prior offense is where that offense can be committed without violence within the meaning of section 4B1.1. Federal bank robbery as defined in 18 U.S.C. § 2113(a) is not such an offense.

AFFIRMED.