**UNITED STATES of America, Appellee,**

**v.**

**William Hurd WRIGHT, Appellant.**

**No. 91–2780.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1992.

Decided Feb. 18, 1992.

Rehearing and Rehearing En Banc Denied March 26, 1992.

---

Mark J. Cero, St. Louis, Mo., argued, for appellant.

Richard Lee Poehling, St. Louis, Mo., argued, for appellee.

Before FAGG, BOWMAN and WOLLMAN, Circuit Judges.

FAGG, Circuit Judge.

William Hurd Wright pleaded guilty to robbery of a federally insured savings and loan association in violation of 18 U.S.C. § 2113(a). At sentencing Wright stipulated he took money from the savings and loan by using intimidation. Wright carried no weapon and did not use force or violence. Wright simply approached the bank teller and softly said, "This is a robbery, give me your money." Finding this statement was at least an implied threat to use force, the district court held the robbery was a crime of violence under U.S.S.G. § 4B1.2. Accordingly, the district court sentenced Wright as a career offender under U.S.S.G. § 4B1.1. Wright appeals his sentence, contending the robbery was not a crime of violence. We affirm.

Although Wright stipulated he committed robbery by intimidation, Wright asserts we should examine the facts underlying the robbery to determine whether it is a crime of violence. We believe the guidelines require a legal approach rather than a factual approach in Wright's case. The Sentencing Commission defines "crime of violence" in two ways:

> The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against [another person], or
>
> (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(1) (Nov.1990).

We conclude Wright's robbery is a crime of violence under subsection (i). To obtain a conviction for robbery under 18 U.S.C. § 2113(a), the Government must show the defendant took property "by force and violence, or by intimidation." "Intimidation means the threat of force." *United States v. Jones*, 932 F.2d 624, 625 (7th Cir.1991); *see United States v. Selfa*, 918 F.2d 749, 751 (9th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 521, 112 L.Ed.2d 532 (1990). Because use or threatened use of force is an element of robbery, a person convicted of robbery has been convicted of a crime of violence. *United States v. Wilson*, 951 F.2d 586, 588 (4th Cir.1991); *Jones*, 932 F.2d at 625; *United States v. McAllister*, 927 F.2d 136, 138 (3d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 111, 116 L.Ed.2d 80 (1991); *Selfa*, 918 F.2d at 751; *United States v. Gonzalez–Lopez*, 911 F.2d 542, 548 (11th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991). The guideline note's statement that " '[c]rime of violence' includes ... robbery" supports our view. U.S.S.G. § 4B1.2 n. 2. We thus join the circuits that have held

robbery is a crime of violence under U.S.S.G. § 4B1.2(1)(i). *Wilson,* 951 F.2d at 588; *Jones,* 932 F.2d at 625; *McAllister,* 927 F.2d at 139; *Gonzalez–Lopez,* 911 F.2d at 547–48.

When deciding whether an offense is a crime of violence under subsection (i), courts must focus their inquiry on the elements of the offense rather than the facts underlying the offense. *Wilson,* 951 F.2d at 588; *Gonzalez–Lopez,* 911 F.2d at 547. Courts can examine an offense's underlying facts only when "that offense can be committed without violence within the meaning of section 4B1.1" *Jones,* 932 F.2d at 625. Because robbery cannot be committed without violence within the meaning of section 4B1.1, courts cannot examine the facts underlying each robbery. *Wilson,* 951 F.2d at 588; *United States v. John,* 936 F.2d 764, 767 (3d Cir.1991); *Jones,* 932 F.2d at 625; *Selfa,* 918 F.2d at 751; *Gonzalez–Lopez,* 911 F.2d at 547; *see also Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 2158–60, 109 L.Ed.2d 607 (1990). In contrast, when deciding whether an offense "involves conduct that presents a serious potential risk of physical injury to another" under subsection (ii), courts may examine the facts underlying the defendant's conviction to determine whether the offense is a crime of violence. *John,* 936 F.2d at 770. Thus, our decision today is consistent with *United States v. Cornelius,* 931 F.2d 490, 493 (8th Cir.1991) (using factual approach to determine whether possession of firearm by felon is crime of violence under U.S.S.G. § 4B1.2(1)(ii)). *See also United States v. Chapple,* 942 F.2d 439, 442 (7th Cir.1991) (same); *Taylor,* 110 S.Ct. at 2159 n. 9.

We conclude the district court properly found Wright is a career offender under section 4B1.1. Thus, we affirm Wright's sentence.

* The Honorable Donald P. Lay was Chief Judge