**UNITED STATES of America, Appellee,**

v.

**Lanny Ray LEEPER, Appellant.**

**No. 90–2905.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 7, 1992.

Decided May 13, 1992.

Lawrence F. Sealise, Des Moines, Iowa, argued (Christopher R. Pose, on the brief), for appellant.

Linda R. Reade, Des Moines, Iowa, argued, for appellee.

Before BEAM, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

HEANEY, Senior Circuit Judge.

Lanny Leeper appeals his conviction for being a felon in possession of a firearm and his career offender sentence. We affirm.

## BACKGROUND

On March 4, 1990, residents of Des Moines, Iowa alerted the police that an armed man had approached their home. By the time the police arrived at the residence, the man had fired three shots into the home and fled in a blue tow truck. In response, the officers radioed their colleagues to apprehend the driver of the vehicle. Soon thereafter, other officers spotted the truck and observed the driver of the truck sticking his arm out of the driver's side window and lifting it in an upward motion over the cab. The police pulled the truck over and arrested the driver, who identified himself as Lanny Leeper. In the meantime, a private citizen had noticed a firearm laying in the street, honked his horn to gain the officers' attention, and directed them to the firearm. One of the officers then recovered the firearm, a Colt .45, and noticed that it had scrape marks on it. The officers next proceeded to the residence where the investigation began. Once at the home, the officers observed three bullet holes in a rear window and numerous bullet holes in the home's interior. One of the officers also retrieved three empty shell casings from the back yard.

A gunshot residue test of Leeper's hand revealed concentrations of antimony, barium, and lead, suggesting that Leeper had physical contact with a recently fired gun. Moreover, prints of Leeper's palm print matched those found on the Colt .45's magazine. Finally, the retrieved shell casings were compared with a test-fired cartridge from the Colt .45. Based on the casings' firing-pin impressions, a criminalist from the Iowa Division of Criminal Investigation concluded that the spent shell casings had been fired from the Colt .45.

Based on this evidence (and on his prior record), a jury found Leeper guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.1, the district court sentenced Leeper to 30 years imprisonment. Leeper challenges his conviction and sentence.

## DISCUSSION

### I. Mistrial

Leeper seeks a new trial on two grounds. First, he contends that the trial court prejudiced the jury by orally instructing it that Leeper had been previously convicted of manslaughter. This disclosure violated the parties' stipulation that the jury would be informed only that Leeper had been "convicted of a crime punishable by imprisonment for a term exceeding one year." The trial court offered to orally correct the instruction, but Leeper declined. The court, however, conformed the written instructions submitted to the jury to the parties' stipulation, and throughout the entire trial the government honored the stipu-

lation by never mentioning the nature of the predicate felony. Given these facts and the overwhelming nature of the evidence recited above, we are convinced that the inadvertent disclosure was harmless error. *See* Fed.R.Crim.Pro. 52(a).

■ Leeper also argues that the trial court erred in refusing to let him use the magazine with his palm print on it for demonstration purposes. Leeper intended to demonstrate that the officers mishandled the Colt .45 and the magazine so as to taint the palm print evidence. The prosecution countered that using the magazine in this manner would destroy the prints already on it, thereby rendering this evidence useless if the case were retried. The parties then stipulated that the demonstration could be accomplished with ·the original gun and a substitute magazine. The court informed the jury of this arrangement, and Leeper performed the demonstration. Leeper now contends that the district court effectively denied him his right to confront the evidence against him. We find no merit in this argument.

## II. Sentence

■ Leeper next attacks his career offender sentence. Finding that Leeper had been convicted of three violent felonies (manslaughter in 1977, terrorism in 1982, and robbery in 1983), the district court sentenced Leeper to 360 months as a career offender pursuant to 18 U.S.C. § 924(e)[1] and U.S.S.G. § 4B1.1(A).[2] Leeper contends that he should not have been sentenced as a career offender because neither his 1977 manslaughter nor his 1983 robbery convictions should be considered for enhancement purposes, and because his present convic-

tion for being a felon in possession of a firearm is not a "crime of violence."[3]

Leeper argues that his manslaughter conviction cannot be a predicate felony under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.1, because this crime did not require an element of intent. Neither of these provisions limit "crimes of violence" to intentional acts. 18 U.S.C. §§ 924(e)(2)(B)(i)–(ii) define "violent felony" as any crime punishable by imprisonment for a term exceeding one year that either "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "involves conduct that presents a serious risk of physical injury to another." The guidelines deploy this same definition. *See* U.S.S.G. §§ 4B1.2(1)(i)–(ii).

By definition, manslaughter means that someone has been killed. *See* Iowa Code §§ 707.4, 707.5 (1977). Leeper was convicted because he shot someone through the head at close range and the victim eventually died. Thus, whether we focus on the elements of the crime or the offense's underlying facts, manslaughter qualifies as a crime of violence. *See United States v. Wright*, 957 F.2d 520 (8th Cir.1992); *see also* U.S.S.G. § 4B1.2 n. 2 (identifying manslaughter as a crime of violence). As for the robbery conviction, this court has already ruled that "robbery is a crime of violence under U.S.S.G. § 4B1.2(1)(i)." *United States v. Wright*, 957 F.2d 520 (8th Cir.1992). In *Wright* this court concluded that "[b]ecause robbery cannot be committed without violence within the meaning of section 4B1.1, courts cannot examine the facts underlying each robbery." *Id.* (citations omitted). This precedent binds us. Thus, Leeper has the three prior felony convictions necessary to trigger 18 U.S.C. § 924(e).[4]

1. Subsection (1) of this statute reads:
   In the case of a person who violates section 922(g) of this title and has three previous convictions ... for a violent felony or a serious drug offense or both ... [such person] shall be ... imprisoned not less than fifteen years. . . .

2. Section 4B1.1 of the guidelines provides:
   A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of instant offense, (2) the instant offense of conviction is a felony that is either

a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

3. Leeper also urges that the district court erred in refusing to depart downward from the minimum guidelines sentence of 360 months. We find this contention to be without merit.

4. Leeper does not contest the district court's classification of his 1982 terrorism conviction as a crime of violence or its conclusion that once

Leeper finally argues that he should not be sentenced pursuant to section 4B1.1 of the guidelines because his instant offense was not a crime of violence. In *United States v. Cornelius*, 931 F.2d 490, 493 (8th Cir.1991), this court ruled that the district court may consider facts underlying the conviction to determine whether possession of a firearm is a crime of violence and that we review this determination for clear error. Here, Leeper was convicted for being a felon in possession of a firearm after he fired three live rounds from a Colt .45 into an occupied residence. We therefore do not find clear error with the district court's conclusion that Leeper committed a crime of violence. *See* U.S.S.G. § 4B1.2(1)(ii).

Accordingly, we affirm Leeper's conviction and sentence.

section 924(e) is triggered, a defendant should

be sentenced under U.S.S.G. 4B1.1(A).