983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Shaun T. LESLIE, Defendant/Appellant.
 No. 92-1282.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 10, 1992.*
Decided Jan. 8, 1993.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Shaun Leslie walked into the Chicago office of the Federal Bureau of Investigation (FBI) and confessed to having committed a bank robbery. His statement was later corroborated by FBI agents who had been investigating the robbery of a Citibank in Chicago at Michigan Avenue and Monroe Street. Leslie pleaded guilty pursuant to a plea agreement. The court sentenced him under the Sentencing Guidelines as a career offender based on two prior convictions for crimes of violence. U.S.S.G. § 4B1.1. Leslie appeals his sentence, arguing that simple robbery is not a crime of violence and therefore he should not have been classified as a career offender. We disagree with his argument and affirm the conviction.
 
 
 2
 Leslie had two prior convictions which placed his sentence within the parameters of the career offender provision: threatening to kill a federal judge and attempted simple robbery. He argues that his conviction for attempted simple robbery should not be treated as a "crime of violence" for purposes of the career offender provision.
 
 
 3
 Leslie argues that under United States v. Terry, 900 F.2d 1039 (7th Cir.1990), if the offense at issue is not expressly enumerated in the Application Notes to § 4B1.2, the court is to look at the specific conduct of the defendant to see if it involved the substantial risk that force may have been used. Leslie points to the enumerated list in the Application Notes of § 4B1.2 and argues that while "robbery" is on that list, "attempted simple robbery" is not. He urges us to look beyond the generic label of "robbery" and inquire into the underlying facts of his conviction.
 
 
 4
 The district court may inquire into the facts underlying the previous conviction only "if the offense in question could, as a matter of law, be committed without violence within the meaning of the guidelines." United States v. Bedell, No. 91-2298, slip op. at 2 (Dec. 7, 1992) (citing United States v. Jones, 932 F.2d 624, 625 (7th Cir.1991)); see also Taylor v. United States, 495 U.S. 575 (1990) (in a pre-Guidelines case the Supreme Court held that for purposes of sentence enhancement, the trial court need "look only to the fact of conviction and the statutory definition of the prior offense"); United States v. Wilson, 951 F.2d 586, 587 (4th Cir.1991) ("the Guidelines mandate a categorical approach to the offense rather than a particularized inquiry into the facts underlying the conviction"). The question then is whether "attempted simple robbery" by its statutory definition can be committed without violence.
 
 
 5
 To be considered a "crime of violence" under the Guidelines, the offense must have "as an element the use, attempted use, or threatened use of physical force against the person of another ..." U.S.S.G. § 4B1.2(1)(i). The Louisiana statute under which Leslie was convicted defines simple robbery as:
 
 
 6
 ... the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon. (emphasis added)
 
 
 7
 La.Rev.Stat.Ann § 14:65. "Intimidation" has been defined by this court as "the threat of force." Jones, 932 F.2d at 625. Both the Louisiana statute for "simple robbery" and the Guidelines' definition of "crime of violence" contain the essential element of "the use, ..., or threatened use of physical force."
 
 
 8
 Leslie also tries to distinguish "simple robbery" from Louisiana's more serious offenses of robbery: "armed robbery" and "first degree robbery". But robbery is per se a crime of violence when it has as an element the use of force. Bedell, slip op. at 2; Jones, 932 F.2d at 625. The only time that a "robbery" is different from that as enumerated in Application Note 2 is when a particular statute defines robbery without reference to an element of force or threat of force. Bedell, slip op. at 2; Jones, 932 F.2d at 625. The Louisiana statute under which Leslie was convicted defines "simple robbery" as requiring an element of force. The Louisiana Supreme Court has used the essential element of force in distinguishing simple robbery from theft; theft is a crime against property whereas robbery is an offense against a person. State v. Thomas, 447 So.2d 1053, 1055 (La.1984). In Thomas, the defendant had unsuccessfully argued that there was insufficient evidence of "force or intimidation" to justify a verdict of simple robbery. "Force" or "intimidation" was essential to a finding of "simple robbery."
 
 
 9
 Leslie's argument that attempted crimes do not fall within the Guideline considerations must also fail. The definition for "crimes of violence" specifically includes the "attempted use ... of force" U.S.S.G. § 4B1.2(1)(i), and the Application Notes state that "crimes of violence" include offenses of "attempting to commit such offenses". U.S.S.G. § 4B1.2, comment. (n. 1). The federal courts have consistently considered attempted offenses as qualifying for the career offender provision. United States v. Woods, No. 92-1016, slip op. at 13 (7th Cir. Oct. 6, 1992) (defendant's prior convictions of robbery and attempted robbery qualified him as a career offender); see United States v. Guerra, 962 F.2d 484 (5th Cir.1992) (attempted burglary is a "crime of violence" within the meaning of § 4B1.1); United States v. Spencer, 955 F.2d 814 (2nd Cir.1992) (attempted robbery in the third degree constitutes a conviction for "crime of violence"); United States v. Bradshaw, 935 F.2d 295, 303 (D.C.Cir.1991) (because of two prior convictions for robbery or attempted robbery, defendant was a career offender "by the definition of the statute").
 
 
 10
 Leslie also asks us to apply the rule of lenity. We refuse. As there is no ambiguity in the statute, Leslie may not benefit from the rule of lenity. United States v. Carr, 965 F.2d 176 (7th Cir.1992).
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs