73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alex A. MALDONADO, also known as Alejandro A. Maldonado,
Defendant-Appellant.
 No. 95-1920.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 9, 1995.
Decided Dec. 18, 1995.
 
 Before CUMMINGS, WOOD, Jr. and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 In November 1994, defendant Alex A. Maldonado was charged by way of information with carjacking under 18 U.S.C. Sec. 2119. After a two-day jury trial, he was found guilty and in March 1995 he was sentenced to 115 months' imprisonment plus three years' supervised release and $772 restitution to the victim.
 
 
 2
 The facts of the carjacking are as follows. On May 17, 1994, Shawn Morningstar was driving his 1982 Oldsmobile in Gary, Indiana. About 10:30 P.M., as he was stopped at an intersection waiting for traffic to clear, he heard his front passenger door open. The interior car lights came on and he saw a man coming into the car "gun first." Morningstar quickly jumped out of the car and ran to call the police. The armed man then drove off with the car. At trial Morningstar identified defendant, a person he recognized as having attended his high school, as the person who entered his car with the gun. He also identified the gun as a "shiny chrome" .9 millimeter. Although at trial Morningstar did not testify that Maldonado had said anything as he entered the car, Officer Fleming of the Gary Police Department testified that in an initial interview, Morningstar had told him that Maldonado had said substantially "give it up," presumably referring to the car. John Kratkoczki testified that the day following the carjacking, Maldonado had tried to sell him a car for $200 and that the car was similar to Morningstar's. Maldonado testified that he did not take the car from Morningstar, but instead received it from Tony Cuevas, who denied this.
 
 
 3
 Maldonado first challenges his conviction by claiming that the district court abused its discretion in allowing Mark Laughlin to testify that in early May 1994, Maldonado had stolen a black .9 millimeter handgun from him. The record demonstrates that FBI Agent James Parcell testified that in an initial interview Maldonado had made an exculpatory statement to the effect that he had neither owned nor carried a handgun at any time before. The district court admitted Laughlin's testimony under Rule 404(b) of the Federal Rules of Evidence to demonstrate that Maldonado's exculpatory statement was false, making the statement relevant to show his consciousness of guilt.
 
 
 4
 "It is well-settled that untrue exculpatory statements may be considered as circumstantial evidence of the defendant's consciousness of guilt." United States v. Rajewski, 526 F.2d 149, 158 (7th Cir.1975), certiorari denied 426 U.S. 908; see also United States ex rel. Foster v. DeRobertis, 741 F.2d 1007, 1013-1014 (7th Cir.1984), certiorari denied, 469 U.S. 1193; United States v. Kilpatrick, 458 F.2d 864, 867 (7th Cir.1972). Furthermore, Judge Lozano properly gave a limiting instruction to the jury that it was to consider the testimony only as to Maldonado's consciousness of guilt, and he repeated this warning in the final instructions.
 
 
 5
 Maldonado claims, however, that because Laughlin's description of the gun stolen--a black gun--differed from Morningstar's description of the gun used in the carjacking--a chrome gun--the probative value of Laughlin's testimony was outweighed by its prejudicial impact. However, while Laughlin's description of the gun's finish did differ from that offered by Morningstar, both witnesses identified the gun as a .9 millimeter. Thus the descriptions were sufficiently similar for the jury to find that both witnesses had seen the same gun. The district court did not abuse its discretion in admitting Laughlin's testimony. Finally, defendant asserts that the evidence was insufficient to show that he took Morningstar's car with the intent required to violate 18 U.S.C. Sec. 2199. To support a conviction under Sec. 2199, the evidence must show that the defendant took the vehicle knowingly and wilfully and "by force and violence or by intimidation." Here the testimony summarized above adequately satisfies that criteria, for defendant's brandishing of the gun certainly constitutes "intimidation." See, e.g., United States v. Harris, 25 F.3d 1275, 1279 (5th Cir.1994); cf. United States v. Jones, 932 F.2d 624, 624 (7th Cir.1991).
 
 
 6
 Judgment affirmed.