# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3291

_____

United States of America,

         Appellee,

    v.

Michael Schutte,

         Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: June 4, 1999
Filed: June 30, 1999

_____

Before WOLLMAN, Chief Judge, and McMILLIAN and HANSEN, Circuit Judges.

_____

PER CURIAM.

Michael Schutte appeals from the final judgment entered in the United States District Court[1] for the Western District of Missouri upon a jury verdict finding him guilty of conspiring to manufacture methamphetamine, in violation of 21 U.S.C. § 846 (Count 1); and attempting to manufacture methamphetamine, in violation of 21 U.S.C. § 846 (Count 2). The district court sentenced appellant as a career offender to 360 months imprisonment and 5 years supervised release on each count, to run

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

concurrently. This appeal followed. After appellate counsel moved to withdraw pursuant to Anders v. California, 396 U.S. 738 (1967), we granted Schutte permission to file a pro se supplemental brief, but he has not done so. Counsel raises three issues in the Anders brief: (1) Schutte was improperly classified as a career offender, because his prior state conviction for stealing from the person did not qualify as a "crime of violence" triggering career offender status; (2) the district court improperly included in his criminal history two prior municipal court convictions; and (3) it would not have been possible to manufacture methamphetamine with the chemicals involved in his offense. For the following reasons, we affirm.

We review de novo the district court's application of the Guidelines. See United States v. Hascall, 76 F.3d 902, 903-04 (8th Cir.) (standard of review), cert. denied, 519 U.S. 948 (1996). A defendant is a career offender if (1) the defendant was at least eighteen when he or she committed the instant offense, (2) the instant offense is a felony that is a drug offense or crime of violence, and (3) the defendant has at least two prior felony convictions for drug offenses or crimes of violence. See U.S.S.G. § 4B1.1 (1998).

Under the applicable Guidelines, a "crime of violence" is any offense that has "as an element the use, attempted use, or threatened use of physical force" or that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." See U.S.S.G. § 4B1.2(a)(1), (2) (1998). We believe Schutte's stealing-from-the-person conviction "involve[d] conduct that presents a serious potential risk of physical injury to another" and thus qualified as a crime of violence. Schutte does not dispute the description of underlying conduct in the presentence report: Schutte pointed a firearm at the victim and took his jacket, Schutte's accomplice held a sharp object against the victim's back, and Schutte pointed the gun at the victim as the victim fled. See U.S.S.G. § 4B1.2, comment. (nn.1 & 2) (1998); United States v. Wright, 957 F.2d 520, 522 (8th Cir.), cert. denied, 506 U.S. 856 (1992).

As to the issue of inclusion of the drug-paraphernalia and concealed-weapon convictions in his criminal history, any error is harmless because the district court correctly classified Schutte as a career offender, and thus he faces the same sentence, win or lose. See U.S.S.G. § 4B1.1 (1998) (career offender's criminal history category in every case is category VI); United States v. Darden, 70 F.3d 1507, 1548-49 n.17 (8th Cir. 1995), cert. denied, 517 U.S. 1149, 518 U.S. 1026 (1996).

Last, to the extent Schutte is contending that the government failed to prove an essential element of his attempt-to-manufacture-methamphetamine conviction, the government did not need to prove Schutte could have manufactured methamphetamine with the precursor chemicals as to which the government adduced evidence; it needed to show only that he intended to manufacture methamphetamine and committed an act constituting a substantial step toward that offense. See United States v. Wagner, 884 F.2d 1090, 1095-96 (8th Cir. 1989), cert. denied, 494 U.S. 1088 (1990).

Upon review of the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no non-frivolous issues.

Accordingly, we affirm the judgment of the district court.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.