# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2823

_____

United States of America,    *
                             *
        Appellee,            *
                             *    Appeal from the United States
    v.                       *    District Court for the
                             *    Western District of Missouri.
Gene E. Dudley,              *
                             *       [UNPUBLISHED]
        Appellant.           *

_____

Submitted: September 5, 2000
    Filed: September 13, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Gene E. Dudley appeals from the district court's[1] sentence imposed upon his guilty plea to multiple counts of drug-trafficking, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(c) and (d), and to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). At sentencing, Dudley objected to his designation as a career offender, arguing that one of the predicate felony convictions--offering violence to a correctional officer, in violation of Mo. Rev. Stat. § 217.385 (1982)--was

_____

[1] Honorable D. Brook Bartlett, late a United States District Judge for the Western District of Missouri.

not sufficiently serious to constitute a crime of violence for purposes of U.S. Sentencing Guidelines Manual § 4B1.2(a) (1998), particularly because he had not intended to harm the correctional officer and had merely "shoved" him. The district court overruled Dudley's objection and sentenced him to concurrent prison terms of 140 months and 60 months, and 3 years supervised release. On appeal, he renews his argument against career-offender status. We affirm.

Under section 217.385 as it existed at the time of Dudley's state conviction, it was a crime for an inmate to "offer to commit violence to an officer or employee of a correctional institution." We agree with the district court that the use or threatened use of physical force is an inherent element of this crime, and thus that it is a crime of violence for purposes of career-offender status, notwithstanding Dudley's subjective intent. See U.S. Sentencing Guidelines Manual § 4B1.2(a)(1) (1998) (stating in relevant part that "crime of violence" is any offense under federal or state law, punishable by imprisonment for term exceeding one year, that has as element "use, attempted use, or threatened use of physical force against the person of another"); United States v. Leeper, 964 F.2d 751, 753 (8th Cir. 1992) (manslaughter by definition includes use of force and thus constitutes crime of violence under § 4B1.2; crimes of violence for purposes of § 4B1.2 are not limited to intentional acts); United States v. Wright, 957 F.2d 520, 521 (8th Cir.) ("Courts can examine [the facts of] an underlying offense [rather than the elements of the offense alone] only when that offense can be committed without violence within the meaning of section 4B1.1.") (internal citations and quotations omitted), cert. denied, 506 U.S. 856 (1992).

In a pro se supplemental brief filed with leave of this court, Dudley argues that the district court abused its discretion in refusing to consider his pro se "objections" to the presentence report. We see no abuse of discretion, as Dudley attempted to raise these matters without obtaining leave from the district court to proceed pro se or as co-counsel. See United States v. Einfeldt, 138 F.3d 373, 378 (8th Cir.) (no right to hybrid representation exists; decision to permit defendant to proceed as co-counsel with

appointed attorney rests in discretion of trial court), <u>cert. denied</u>, 525 U.S. 851 (1998); <u>United States v. Swinney</u>, 970 F.2d 494, 498 (8th Cir.) (district court did not abuse its discretion in requiring defendant to address court through court-appointed attorney), <u>cert. denied</u>, 506 U.S. 1011 (1992) <u>and</u> 507 U.S. 1007 (1993).  The remaining arguments in Dudley's pro se brief are not properly before us, as they were not properly raised and decided below.  <u>See</u> <u>Cavegn v. Twin City Pipe Trades Pension Plan</u>, No. 99-3518, 2000 WL 1166323, <u>at</u> *4 (8th Cir. Aug. 18, 2000) (court of appeals reviews only final decisions of district court and will not address issues district court did not consider).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.