# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3699

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Derek Harvey, | * | Eastern District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: November 7, 2000
Filed: November 14, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Derek Harvey pleaded guilty to a two-count indictment charging him with possessing with intent to distribute a mixture or substance containing heroin, in violation of 21 U.S.C. § 841(a)(1) "and punishable under Section 841(b)(1)(B)(i)"; and using or carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). The district court[1] sentenced him to 210 months imprisonment for the drug offense (the Guidelines minimum), a mandatory consecutive

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

60-month prison term for the firearm offense, and concurrent 4-year and 3-year terms of supervised release. Harvey appeals.

We reject seriatim each of the arguments raised by Harvey and his counsel. First, Harvey's plea-withdrawal motion--premised on his alleged unawareness that he would be sentenced as a career offender and on alleged promises by the authorities-- was properly denied. See United States v. Ludwig, 972 F.2d 948, 950-51 (8th Cir. 1992) (defendant's unawareness of applicability of career-offender provision did not constitute fair and just reason to allow him to withdraw his guilty plea); cf. United States v. Kelly, 18 F.3d 612, 618-19 (8th Cir. 1994) (district court did not abuse discretion in denying plea-withdrawal motion premised on government's refusal to move for substantial-assistance downward departure where government did not breach plea agreement or unconstitutionally withhold motion).

Second, Harvey's claim that he provided substantial assistance to the authorities did not present a valid basis for a downward departure. See United States v. Fountain, 223 F.3d 927, 928 (8th Cir. 2000) (U.S.S.G. § 5K1.1 departure requires government motion, and defendant cannot avoid this requirement by moving for U.S.S.G. § 5K2.0 departure based on substantial assistance). Third, the district court did not plainly err in failing to depart on the basis that Harvey's criminal history category was overrepresented, see U.S.S.G. § 4A1.3, an issue raised for the first time on appeal. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (standard of review for issues not raised below).

Fourth, we reject Harvey's argument that the district court plainly erred by classifying him as a career offender because we conclude that his 1984 Missouri manslaughter conviction constituted a crime of violence. See U.S.S.G. § 4B1.2 cmt. 1 (1998) (manslaughter is crime of violence); United States v. Leeper, 964 F.2d 751, 753 (8th Cir. 1992) (manslaughter by definition means someone has been killed and thus includes use of force and constitutes crime of violence).

Finally, Harvey argues that the district court should have ruled on a particular drug quantity. However, the indictment to which he pleaded guilty specified that the offense was "punishable under [21 U.S.C. §] 841(b)(1)(B)(i)," and the prosecutor explained the corresponding imprisonment range at the change-of-plea hearing. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who explicitly and voluntarily exposes himself to specific sentence by pleading guilty may not challenge that punishment on appeal).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-