# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2986

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Michael Dwayne Dunbar, | * | Southern District of Iowa. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: June 2, 2004
Filed: June 8, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Michael Dunbar (Dunbar) pled guilty to knowingly possessing a firearm transported in interstate commerce after he had been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); the district court[1] found that he was subject to the Armed Career Criminal Act, 18 U.S.C. § 924(e), and sentenced him to 180 months imprisonment (15 years is the mandatory minimum) and 5 years supervised release. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Dunbar should not have been sentenced as an armed career criminal

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

because his prior robbery conviction was non-aggravated and thus not a predicate offense. Dunbar has filed a pro se supplemental brief, in which he argues that he was unable to take advantage of the plea agreement originally offered by the government because of problems with his former counsel, and that he possessed a firearm out of fear for his life.

We agree with the district court that Dunbar's robbery conviction was a violent felony for purposes of section 924(e), see United States v. Leeper, 964 F.2d 751, 753 (8th Cir. 1992), and Dunbar therefore qualified as an armed career criminal. Further, Dunbar does not have a remedy on direct appeal for the government's withdrawal of a plea agreement, see United States v. Wessels, 12 F.3d 746, 752-53 (8th Cir. 1993) (defendant not entitled to relief based on government's withdrawal of consent to agreement, because either party may withdraw consent until bargain is accepted by court), and his guilty plea forecloses any claim that he possessed the firearm in self-defense, see United States v. Beck, 250 F.3d 1163, 1166 (8th Cir. 2001) ("valid guilty plea waives all nonjurisdictional defects" (quoting Walker v. United States, 115 F.3d 603, 604 (8th Cir. 1997)).

Following our independent review, see Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the sentence.

_____