**UNITED STATES of America, Plaintiff,**

v.

**Michael E. HICKS, Defendant.**

**No. 97–40028–01–SAC.**

United States District Court,
D. Kansas.

Dec. 12, 1997.

**1245**

Brent I. Anderson, Office of United States Attorney, Kansas City, KS, Gregory G. Hough, Office of United States Attorney, Topeka, KS, for U.S.

Steven D. Rosel, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

On April 23, 1997, the grand jury returned a two count indictment charging Michael E. Hicks with one count of violating the recently enacted 18 U.S.C. § 922(g)(9),[1] possession of a firearm by a person convicted of a misdemeanor crime of domestic violence (battery against Hicks' biological son, Sean M. Hicks), and one count of violating 18 U.S.C. § 4, misprision of felony.

This case comes before the court upon the defendant's "Motion to Dismiss" (Dk.21). In that motion, Hicks argues that the

1. In pertinent part, 18 U.S.C. § 922(g)(9) provides:

   "It shall be unlawful for any person—who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

2. In fact, § 922(g)(9) has withstood all constitutional challenges. *See The Fraternal Order of*

§ 922(g)(9) charge violates the Ex Post Facto Clause of the United States Constitution, Article I, Sec. 9, cl. 3. Apparently Hicks' argument runs something like this: When Hicks battered his son, § 922(g)(9) did not exist. Therefore, at the time Hicks committed the crime of battery he did not have any notice that his conviction for battery would make it unlawful for him to possess a firearm at a subsequent point in the future. According to Hicks, applying § 922(g)(9) to this chronology of events violates the Ex Post Facto Clause. In connection with his Ex Post Facto challenge, Hicks also suggests that he did not have adequate notice of the change in the law so as to inform him that his possession of a firearm was a crime.

■ As the government notes, § 922(g)(9) does not violate the Ex Post Facto Clause.[2] *See generally Raymer v. Enright,* 113 F.3d 172, 174 (10th Cir.) (discussing Ex Post Facto Clause), *cert. denied,* — U.S. —, 118 S.Ct. 188, 139 L.Ed.2d 127 (1997). In *National Ass'n of Government Employees v. Barrett,* 968 F.Supp. 1564 (N.D.Ga.1997), the district court rejected a similar Ex Post Facto challenge to § 922(g)(9):

The United States Constitution prohibits Congress from passing an ex post facto law. U.S. Const. art. I, § 9, cl. 3. "To fall within the ex post facto prohibition, a law must be retrospective—that is, 'it must apply to events occurring before its enactment'—and it 'must disadvantage the offender affected by it' by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis,* 519 U.S. 433, —, 117 S.Ct. 891, 896, 137 L.Ed.2d 63 (1997) (*quoting Weaver v. Graham,* 450 U.S. 24, 28–29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)). Plaintiffs'

*Police v. United States,* 981 F.Supp. 1 (D.D.C. 1997) (rejecting challenges to § 922(g)(9) based upon the Commerce Clause, Due Process and Tenth Amendment); *National Ass'n of Government Employees v. Barrett,* 968 F.Supp. 1564 (N.D.Ga.1997) (rejecting challenges to § 922(g)(9) based upon the Commerce Clause, Equal Protection, Due Process, Ex Post Facto, Bill of Attainder and Tenth Amendment); *United States v. Smith,* 964 F.Supp. 286 (N.D.Iowa 1997) (rejecting vagueness challenge to § 922(g)(9)).

claim that § 922(g)(9) violates the Ex Post Facto Clause fails because § 922(g)(9) is not retrospective.

Plaintiffs' argument that § 922(g)(9) is retrospective is based on the fact that § 922(g)(9) prohibits an individual convicted of a misdemeanor crime of domestic violence from possessing a firearm even if the individual's conviction occurred prior to the effective date of § 922(g)(9). Defendants counter this argument by pointing out that the activity prohibited by § 922(g)(9) is the post-enactment possession of a firearm, not the pre-enactment misdemeanor crime of domestic violence. Defendants' argument comports with the decision of *United States v. Brady,* 26 F.3d 282 (2d Cir.), *cert. denied,* 513 U.S. 894, 115 S.Ct. 246, 130 L.Ed.2d 168 (1994)[.] In *Brady,* the Second Circuit addressed an ex post facto challenge to § 922(g)(1) whereby a defendant argued that his 1951 felony conviction could not serve as a an element of the offense prohibited by that section of the gun control laws. In rejecting defendant's challenge, the court held:

> Regardless of the date of [defendant's] prior conviction, the crime of being a felon in possession of a firearm was not committed until after the effective date of the statute .... by [the date of defendant's conviction under § 922(g)(1), defendant] had more than adequate notice that it was illegal for him to possess a firearm because of his status as a convicted felon, and he could have conformed his conduct to the requirements of the law. Therefore, the Ex Post Facto clause was not violated by the use of a 1951 felony conviction as a predicate for a violation of § 922(g).

*Brady,* 26 F.3d at 291. *Cf. Landgraf v. USI Film Products,* 511 U.S. 244, 269 n. 24, 114 S.Ct. 1483, 1499 n. 24, 128 L.Ed.2d 229 (1994) ("[A] statute 'is not made retroactive merely because it draws upon antecedent facts for its operation.'") (*quoting Cox v. Hart,* 260 U.S. 427, 434–37, 43 S.Ct. 154, 157, 67 L.Ed. 332 (1922)); *United States v. Allen,* 886 F.2d 143, 146 (8th Cir.1989) ("So long as the actual crime for which a defendant is being sentenced occurred after the effective date of the new

statute, there is no ex post facto violation."). Finding defendants' argument and the *Brady* opinion persuasive, the court holds that because § 922(g)(9) does not criminalize conduct that occurred prior to its effective date, it is not retrospective and thus not violative of the Ex Post Facto Clause.

968 F.Supp. at 1575–76. This analysis is absolutely correct. Section 922(g)(9) only criminalizes Hicks' possession of a firearm following his misdemeanor conviction for a crime of domestic violence. The statute does not violate the Ex Post Facto Clause, nor does it violate due process by failing to provide adequate notice of the acts which it makes criminal. Section 922(g)(9) plainly sets forth the conduct which it prohibits and to whom it applies. *Cf., United States v. Smith,* 964 F.Supp. 286 (N.D.Iowa 1997) (rejecting vagueness challenge to § 921(a)(33), which defines "misdemeanor crime of domestic violence"); *see also Barlow v. United States,* 32 U.S. (7 Pet.) 404, 411, 8 L.Ed. 728 (1833) (Story, J.) ("It is a common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally...."); *North Laramie Land Co. v. Hoffman,* 268 U.S. 276, 283, 45 S.Ct. 491, 69 L.Ed. 953 (1925) ("All persons are charged with knowledge of the provisions of statutes and must take note of the procedure adopted by them....").

IT IS THEREFORE ORDERED that Hicks' "Motion to Dismiss" (Dk.21) is denied.