UNITED STATES of America

v.

Christopher MEADE.

No. CRIM. 97–10185–EFH.

United States District Court, D. Massachusetts.

Dec. 17, 1997.

Marriane C. Hinkle, U.S. Attorney's Office, Boston, MA, for Plaintiff.

Leo Sorokin, Public Defender Office, Boston, MA, for Defendant.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on Defendant's Motion to Dismiss. Defendant has been indicted in Count I with possession of a firearm by one who has a prior misdemeanor conviction for domestic violence under 18 U.S.C. § 922(g)(9). The defendant filed a motion to dismiss Count I on the ground that his past conviction for assault and battery under Massachusetts General Laws ch. 265, § 13 does not qualify as a misdemeanor crime of domestic violence because the state statute does not require a familial relationship between the parties as an element of the state crime. Defendant also argues that Section 922(g)(9) increased punishment for the defendant's prior misdemeanor conviction in violation of the *Ex Post Facto* Clause of the U.S. Constitution. Upon consideration of the motion, the opposition, and the statutory language, the Court concludes that for the reasons stated herein the motion is denied.

The indictment stems from an incident on May 15, 1997, when the Lynn police, responding to a 911 call, arrested the defendant in possession of a handgun in front of his wife's home. At the time of his arrest the defendant was subject to a Mass.Gen.L. ch. 209A restraining order with a "no contact" provision with his wife. He was charged with various state offenses arising out of this arrest. Two months later, the state charges against the defendant were dismissed and he was indicted in federal court under Section 922(g)(9). At the time of the defendant's May 15, 1997 arrest, he had a prior misdemeanor conviction for assault and battery upon his wife in 1994 in the Dorchester District Court. The certified copy of the defendant's conviction lists the crime as "family abuse-assault and battery."

### Discussion

Congress enacted the Omnibus Consolidated Appropriations Act of 1997, which amended the Gun Control Act of 1967, to add "misdemeanor crime of domestic violence" to the list of prohibited categories of persons possessing firearms. The amendment is codified at 18 U.S.C. § 922(g)(9). Count I charges the defendant with violating 18 U.S.C. § 922(g)(9) which states in part:

> It shall be unlawful for any person ... who has been convicted in any court of a misdemeanor crime of domestic violence, ... to ship or transport in interstate or foreign commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Section 921(a)(33) defines "misdemeanor crime of domestic violence" as an offense that is a misdemeanor under federal or state law that has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

### I. Statutory Interpretation of Section 921(a)(33)

The defendant argues that the predicate offense for Section 921(a)(33) must have both an element of use of force and an element of a domestic relationship. Therefore, defendant contends that Mass.Gen.L. ch. 265, § 13 cannot constitute a predicate offense of a "misdemeanor crime of domestic violence" because it does not require proof of a domestic relationship between the defendant and the victim. The government contends that Congress set out two separate requirements for the predicate misdemeanor and introduced only the "use of force" requirement with the words "has, as an element."

The proper construction of Section 921(a)(33) is a question of first impression in this Circuit. We start—as all statutory construction must start—by looking at the language of the law, in this case 18 U.S.C. § 921(a)(33). *United States v. Charles George Trucking Co.*, 823 F.2d 685, 688 (1st Cir.1987). As a general rule, the plain meaning of a statute controls. *Robinson v. Shell Oil Co.*, — U.S. —, —, 117 S.Ct. 843, 847, 136 L.Ed.2d 808 (1997). When a statute is ambiguous, however, the court may look to

legislative history to resolve the ambiguity. *United States v. Gonzales*, —— U.S. ——, ——, 117 S.Ct. 1032, 1035, 137 L.Ed.2d 132 (1997). Thus, the first step for this Court is to determine whether Section 921(a)(33) is ambiguous. The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole. *Robinson*, —— U.S. at ——, 117 S.Ct. at 847. In this case consideration of those factors leads the Court to conclude that the phrase "has, as an element" is not ambiguous as to whether it applies to one or both requirements.

■ Both parties agree that Section 921(a)(33) requires the government to show that a predicate offense was committed with the use or attempted use of force, and that the offense involved a familial relationship between the defendant and the victim. The crux of the matter is whether the phrase "as an element" modifies both requirements or just the use of force requirement. The inclusion of both the use of force and domestic relationship requirements in one sentence does not mandate that they be treated as one element. In drafting the statute Congress placed the singular word "element" immediately before the use of force requirement. In choosing the singular word "element," Congress intended to modify only the language immediately following the phrase. If Congress had intended that both requirements be mandatory elements of the underlying state statute the word "element" would have been in the plural to encompass both requirements. Reading the phrase "has, as an element" in its ordinary plain meaning, it is clear the singular "element" modifies only the use of force requirement.

To date there is only one published decision, *United States v. Smith*, 964 F.Supp. 286 (N.D.Iowa 1997), construing this provision in a criminal case. Similar to this Court's reasoning, the court in *Smith* found the use of the singular "has, as an element" modified only the use of force requirement. *Id.* at 290–92. The *Smith* court also found it persuasive that the identical "has, as an element" language appears in other statutes defining "crime of violence" and "violent felony" and, in both, modifies only the use of force requirement. *Id.* at 292. Thus, Congress' use of language nearly identical to other statutes where the "as an element" language modifies only the use of force requirement supports this Court's conclusion that the plain language of Section 921(a)(33) does not require the predicate offense to have a domestic relationship element. *Id.*

Given the straightforward statutory command, there is no reason to resort to legislative history. *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992). Even if the statute were ambiguous, the legislative history of Section 921(a)(33) would lead the Court to the same conclusion. The statements in the legislative record demonstrate that the intent of the amendment was to expand the categories of individuals barred from possessing firearms to include anyone convicted of abusing a family member. In contrast, the defendant's interpretation would limit application of the amendment only to those states which have specific state statutes criminalizing domestic violence.

The amendment was proposed to remedy the disparate treatment between those convicted of a felony involving domestic assault and those convicted of a misdemeanor involving domestic assault. The sponsor of the legislation, Senator Lautenberg, stated that "This amendment would close this dangerous loophole and keep guns away from violent individuals who threaten their own families." 142 Cong. Rec. S10377–01. Similarly, Senator Feinstein of California stated: "This amendment looks to the type of crime, rather than the classification of the conviction. Anyone convicted of a domestic violence offense would be prohibited from possessing a firearm." 142 Cong. Rec. S10379–01. In addition, Senator Dodd of Connecticut stated that the amendment would "prevent anyone convicted of any kind of domestic violence from owning a gun." 142 Cong. Rec. S12341–01.

Moreover, Senator Lautenberg's statements make clear that the phrase "has, as an element" relates to state crimes that involve an element of force. The legislative history

reveals that "has, as an element, the use or attempted use of physical force, or threatened use of a deadly weapon" was added to the statute shortly before passage. In explaining the addition, Senator Lautenberg, stated:

the ban applies to crimes that have, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon. This is an improvement over the earlier version, which did not explicitly include within the ban crimes involving an attempt to use force, or the threatened use of a weapon, if such an attempt or threat did not also involve actual physical violence.

142 Cong. Rec. S11872–01. Therefore, Senator Lautenberg did not intend that the language "as an element" would apply to the domestic relationship requirement.

## II. *Violation of Ex Post Facto Clause of the Constitution*

 The defendant argues that 18 U.S.C. § 922(g)(9) increases his punishment for his predicate state conviction and is, therefore, an *ex post facto* law. A criminal or penal law is *ex post facto* if it is retrospective and it disadvantages the offender affected by it. *See* U.S. Const., art. I, § 9, cl. 3. The U.S. Supreme Court recently stated that to fall within the *ex post facto* prohibition, a law must be retrospective—that is, it must apply to events occurring before its enactment and it must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing the punishment for the crime. *Lynce v. Mathis,* 519 U.S. 433, ——, 117 S.Ct. 891, 896, 137 L.Ed.2d 63 (1997). Defendant's claim that Section 922(g)(9) violates the *Ex Post Facto* Clause fails because the statute does not add punishment for the predicate offense, but rather penalizes the defendant's possession of a firearm after the effective date of the statute.

Courts have determined that Congress intended statutes prohibiting persons from possessing firearms to reach persons convicted of offenses committed prior to the effective date of the statute. *See United States v. Brady,* 26 F.3d 282 (2nd Cir.), *cert. denied,*

513 U.S. 894, 115 S.Ct. 246, 130 L.Ed.2d 168 (1994); *United States v. Jordan,* 870 F.2d 1310, 1315 (7th Cir.), *cert. denied,* 493 U.S. 831, 110 S.Ct. 101, 107 L.Ed.2d 65 (1989); *United States v. Matassini,* 565 F.2d 1297, 1307 (5th Cir.1978). The Court of Appeals for the Second Circuit's decision in *Brady* is instructive for its *ex post facto* analysis. In *Brady* the Second Circuit addressed an *ex post facto* challenge to Section 922(g)(1) whereby a defendant argued that his 1951 felony conviction could not serve as an element of the offense prohibited by that section of the gun control laws. In rejecting defendant's challenge, the Court of Appeals for the Second Circuit held that, regardless of the date of the defendant's prior conviction, the crime of being a felon in possession of a firearm was not committed until after the effective date of the statute. *Brady,* 26 F.3d at 285. In *National Ass'n of Government Employees v. Barrett,* 968 F.Supp. 1564, 1575–76 (N.D.Ga.1997), the district court applied the reasoning of *Brady* to hold that Section 922(g)(9) does not criminalize conduct that occurred prior to its effective date and, thus, did not violate the *Ex Post Facto* Clause.

The Court follows this reasoning, and holds that Section 922(g)(9) penalizes the possession of the firearm after the date of enactment of the statute and does not therefore constitute a violation of the *Ex Post Facto* Clause. Defendant violated Section 922(g)(9) on May 15, 1997, after the law became effective. Regardless of the date of defendant's prior conviction, the crime of being in possession of a firearm, after a prior conviction of a misdemeanor crime of domestic violence, was not committed until after the effective date of the statute for which he was charged in Count I. Therefore, the *Ex Post Facto* Clause was not violated by the use of the 1994 conviction as a predicate for violation of Section 922(g)(9).

The defendant also argues that this construction of the statute raises substantial due process and notice concerns. There is no dispute that the defendant was in a domestic relationship with the victim in the 1994 misdemeanor for assault and battery. The victim of the crime was the defendant's wife at

the time of the crime, and they are still presently married. The application for the complaint filed in the 1994 case named the defendant's wife as victim and the defendant's 1994 conviction lists the crime charged as "family abuse-assault and battery." Therefore, the Court does not need to address whether a due process concern may be presented when a genuine issue of dispute exists regarding a domestic relationship.

### Conclusion

In sum, Mass.Gen.L. ch. 265, § 13 can constitute a "misdemeanor crime of domestic violence" as defined in Section 921(a)(33) because the plain language of Section 921(a)(33) does not require the predicate offense to have a domestic relationship element. Additionally, Section 922(g)(9) does not constitute a violation of the *Ex Post Facto* Clause. Thus, defendant's motion for dismissal on these grounds is denied.

SO ORDERED.